STATE OF CONNECTICUT *v.* JUSTIN CROSS
(AC 32581)

Gruendel, Robinson and Borden, Js.

Argued January 3—officially released April 5, 2011

*Aaron J. Romano*, for the appellant (defendant).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Dennis J. O'Connor*, supervisory assistant state's attorney, and *Sandra L. Tullius*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

BORDEN, J. The defendant, Justin Cross, appeals from the denial by the trial court of his motion to correct

an illegal sentence imposed eight years ago for his conviction of felony murder in violation General Statutes § 53a-54c. We affirm the judgment of the trial court.

On May 30, 2003, the defendant pleaded guilty to felony murder in violation of § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2). During the plea canvass, the court advised him that the crime of felony murder "carries a maximum sentence of up to life imprisonment, which, in the state of Connecticut, is sixty years, and *a mandatory minimum of twenty-five years.* Do you understand that?" (Emphasis added.) The defendant answered in the affirmative. On August 29, 2003, in accordance with a plea agreement, the court imposed an effective sentence of twenty-eight years imprisonment. In doing so, the court again advised the defendant that there was a twenty-five year mandatory minimum sentence as part of the twenty-eight year sentence that the court imposed for felony murder. Accordingly, the mittimus notes a twenty-five year mandatory minimum sentence as part of the sentence for felony murder.

In 2009, the defendant filed this motion to correct an illegal sentence, claiming that it was improper for the court to designate any portion of the sentence for felony murder as a mandatory minimum and requesting that the mittimus be amended accordingly. The court denied the motion,[1] and this appeal followed.

The defendant claims that the crime to which he pleaded guilty, namely, felony murder, "does not carry a mandatory minimum sentence." We disagree.

---

[1] The court first rejected the state's contention that it lacked subject matter jurisdiction to correct the allegedly illegal sentence. The state does not challenge that ruling in this appeal.

This claim is controlled by *State* v. *Lopez*, 197 Conn. 337, 353–55, 497 A.2d 390 (1985). "The defendant appears to argue that it is unclear whether the legislature intended murder to have a minimum sentence of twenty-five years without suspension. A brief review of our statutory sentencing provisions demonstrates that his argument is without merit. General Statutes § 53a-28 requires that a period of probation or conditional discharge be imposed upon the entire or partial suspension of a sentence. General Statutes § 53a-29 prohibits the imposition of a period of probation or conditional discharge for a class A felony. Under General Statutes § 53a-35a, murder is defined as a class A felony requiring a mandatory minimum sentence of twenty-five years imprisonment. Thus the trial court was correct in its determination that it lacked the authority to suspend a portion of the minimum twenty-five year sentence." Id. The fact that the defendant pleaded guilty to felony murder rather than murder is of no moment because felony murder is simply one form of the crime of murder. See General Statutes § 53a-54c; *State* v. *Jones*, 234 Conn. 324, 364–65, 662 A.2d 1199 (1995) (*Borden, J.,* concurring in part and dissenting).

The judgment is affirmed.

In this opinion the other judges concurred.