## STATE OF CONNECTICUT *v.* KHARI MILLER
## (AC 34178)

Robinson, Espinosa and Pellegrino, Js.

Argued December 13, 2012—officially released February 5, 2013

*Khari Miller,* pro se, the appellant (defendant).

*Margaret Gaffney Radionovas,* senior assistant state's attorney, with whom, on the brief, were *Gail P.*

*Hardy*, state's attorney, and *Richard J. Rubino*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Khari Miller, appeals from the denial of his motion to correct an illegal sentence. On appeal, the defendant claims that the trial court improperly found that felony murder in violation of General Statutes § 53a-54c is a class A felony, rather than an unclassified felony.[1] We are not persuaded.

We thoroughly have reviewed the record and briefs in this case and have considered the relevant legal principles. Contrary to the defendant's claim that felony murder is appropriately characterized as an unclassified felony, our case law makes clear that "felony murder is simply one form of the crime of murder." *State* v. *Cross*, 127 Conn. App. 718, 721, 14 A.3d 1082, cert. denied, 301 Conn. 918, 21 A.3d 464 (2011); see also *State* v. *John*, 210 Conn. 652, 696, 557 A.2d 93 (in enacting felony murder statute, "the legislature intended to specify another manner in which the crime of murder could be committed, rather than create a new crime"), cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989).[2] Moreover, although the defendant asserts that

---

[1] The defendant was convicted of felony murder in violation of § 53a-54c, robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), and conspiracy to commit robbery in violation of General Statutes §§ 53a-134 (a) (2) and 53a-48. The court sentenced the defendant to forty-five years of incarceration on the felony murder count and fifteen years of incarceration on each of the other counts, to run concurrently, for a total effective sentence of forty-five years imprisonment, consecutive to any sentence in any other case. In his motion to correct and again on appeal, the defendant has asserted that felony murder is an unclassified felony, or alternatively, a class A felony other than murder, for which a forty-five year sentence is not statutorily authorized.

[2] Indeed, as the court recognized in denying the defendant's motion to correct, both § 53a-54c, the felony murder statute, and § 53a-54a, the intentional murder statute, begin by stating: "[A] person is guilty *of murder* when . . . ." (Emphasis added).

"[t]reating the crime of felony murder as a class A murder and sentencing [him] in accordance with [General Statutes] § 53a-35a (2) is and/or would be against the intent of the legislature," our Supreme Court has explicitly stated that General Statutes §§ 53a-54a (c) and 53a-35a (2) are the "related penalty provisions"; *State* v. *Greco*, 216 Conn. 282, 293–94, 579 A.2d 84 (1990); to the felony murder statute and provide that felony murder is punishable as a class A felony by "a prison term of at least twenty-five years and not more than life . . . ." Id., 295 and n.13. Accordingly, we conclude that the trial court properly denied the defendant's motion to correct.

The judgment is affirmed.