******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* FRANCIS GAFFNEY
(AC 35983)

DiPentima, C. J., and Gruendel and Norcott, Js.

*Argued January 8—officially released March 4, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Devlin, J.)

*Francis Gaffney*, self-represented, the appellant
(defendant).

*Adam E. Mattei*, deputy assistant state's attorney,
with whom, on the brief, was *John C. Smriga*, state's
attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Francis Gaffney, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, he claims that the court erred in denying that motion because felony murder is neither a class A felony nor a murder as defined under our General Statutes. Rather, he claims, felony murder is an unclassified felony. In addition, the defendant claims for the first time on appeal that his right to due process under the fourteenth amendment to the United States constitution was violated because (1) he was never given notice of the maximum penalty for felony murder, and (2) the legislature's failure to classify felony murder as an intentional murder deprived him of his right to know that his "unintentional" conduct constituted a murder, punishable by a sentence of up to sixty years imprisonment. As a result, he contends that the trial court committed plain error by sentencing him pursuant to the agreed upon plea bargain. We disagree with the defendant as to his first claim of error and conclude that his second claim of error is unreviewable. Accordingly, we affirm the judgment of the trial court.

On March 28, 1989, the defendant pleaded guilty, under the *Alford* doctrine,[1] to felony murder in violation of General Statutes § 53a-54c and kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (b). After a thorough plea canvass, the court imposed the agreed upon sentence: sixty years incarceration for the defendant's felony murder conviction and twenty-five years incarceration for the defendant's kidnapping conviction, to run concurrently, for a total effective sentence of sixty years incarceration.

On January 9, 2012, the defendant filed a motion to correct an illegal sentence. The defendant claimed that the sentence imposed for his felony murder conviction was illegal because felony murder is an unclassified felony for which a sixty year sentence of imprisonment was impermissible. The court denied the defendant's motion, and he now appeals.

I

On appeal, the defendant claims that the trial court abused its discretion in denying his motion to correct an illegal sentence because felony murder is neither a class A felony nor a murder. Rather, he claims, as an unclassified felony, the maximum term of incarceration to which he could legally have been sentenced was twenty-five years. We disagree.

"A denial of a motion to correct an illegal sentence is reviewed under the abuse of discretion standard. . . . Of course, when the court is called upon to exercise its legal discretion, we must determine whether the trial court correctly interpreted and applied the law." *State v. Kokkinakos*, 143 Conn. App. 76, 80, 66 A.3d 936 (2013),

"[A]n illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43–22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable. . . . Accordingly, if a defendant's claim falls within one of these four categories the trial court has jurisdiction to modify a sentence after it has commenced." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Crump*, 145 Conn. App. 749, 765 n.8, 75 A.3d 758, cert. denied, 310 Conn. 947, 80 A.3d 906 (2013).

Our Supreme Court's recent decision in *State* v. *Adams*, 308 Conn. 263, 63 A.3d 934 (2013), and our decision in *State* v. *Miller*, 140 Conn. App. 620, 59 A.3d 411 (2013), are dispositive of the defendant's claim of error. In *Adams*, our Supreme Court held that felony murder, is a class A felony, punishable, in accordance with General Statutes § 53a-35a (2), by a term of imprisonment of twenty-five years to life. *State* v. *Adams*, supra, 269. On the basis of an analysis of the relevant statutory provisions, our Supreme Court concluded that "the plain and unambiguous language of § 53a-54c defines felony murder as a type of murder, and the relevant statutory scheme classifies murder as a class A felony." Id., 272–73.

The court explained: "[I]t is important to note that our conclusion is consistent with this court's prior interpretation of the legislative intent of § 53a-54c. In *State v. John*, 210 Conn. 652, 696, 557 A.2d 93, cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989), this court stated as follows: The legislative history of the felony murder statute, § 53a-54c, indicates that its purpose was to fill an omission in the statutory definition of murder in § 53a-54a. In restoring the concept of felony murder, which had been omitted from the original enactment of the [P]enal [C]ode, the legislature intended to specify another manner in which the crime of murder could be committed, rather than create a new crime. Such a purpose would have been in keeping with this state's murder statute prior to the enactment of the [P]enal [C]ode, when the felony murder principle was simply included in the statutory definition of first degree murder.

"We conclude, therefore . . . that the charge of felony murder is *not* an unclassified felony but, rather, a

felony classified as murder. . . . As such, it is punishable as a class A felony . . . . Section 53a-35a explicitly provides in relevant part as follows: For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and, unless the section of the general statutes that defines the crime specifically provides otherwise, the term shall be fixed by the court as follows . . . (2) for the class A felony of murder, a term of not less than twenty-five years nor more than life . . . . General Statutes § 53a-35b, in turn, provides that [a] sentence of life imprisonment means a definite sentence of sixty years . . . .￼" (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Adams*, supra, 308 Conn. 273–74; see also *State* v. *Miller*, supra, 140 Conn. App. 621 (holding that felony murder is not unclassified felony; felony murder is one species of murder).

Accordingly, this issue already having been decided by our Supreme Court in *Adams* and by this court in *Miller*, we conclude that the defendant's sixty year sentence for felony murder was not illegal under our law.

## II

The defendant next claims that his right to due process under the fourteenth amendment to the United States constitution was violated because (1) he was never given notice of the maximum penalty for felony murder, and (2) the legislature's failure to classify felony murder as an intentional murder deprived him of his right to know that his "unintentional" conduct constituted murder, punishable by a sentence of up to sixty years imprisonment. The defendant did not preserve that claim and now argues that it was plain error, under Practice Book § 60-5, for the trial court to sentence him pursuant to the agreed upon plea bargain. He requests relief pursuant to the plain error doctrine. We decline the defendant's request.

"[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Darryl W.*, 303 Conn. 353, 371–73, 33 A.3d 239 (2012). The defendant's claim does not present an extraordinary situation to invoke the doctrine.

The judgment is affirmed.

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).